IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER GIBAS,<br><br>      Plaintiff,<br><br>      v.<br><br>ACCU-CUT DIAMOND TOOL COMPANY, INC., ACCU-CUT DIAMOND BORE SIZING SYSTEM, INC. and STANLEY DOMANSKI, individually,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 08-CV-2851<br>)<br>)  Judge: Hibbler<br>)  Magistrate Judge: Mason<br>)<br>)<br>)<br>)<br>) |

**PARTIES' JOINT RULE 26(F) REPORT AND
PROPOSED RULE 16(B) SCHEDULING ORDER**

Defendants Accu-Cut Diamond Tool Company, Inc. ("Accu-Cut Diamond Tool"), Accu-Cut Diamond Bore Sizing Systems, Inc., incorrectly named as "Accu-Cut Diamond Bore Sizing System, Inc." ("Accu-Cut Diamond Bore") (collectively, "Accu-Cut"), and Stanley Domanski ("Domanski") (collectively "Defendants"), and Plaintiff Chester Gibas's ("Plaintiff" or "Gibas") have conferred as required pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, through their undersigned attorneys, and provide the following Rule 26(f) Report and their Proposed Rule 16(b) Scheduling Order:

    **A.**    **Nature of the Case**

    1.    Plaintiff's Complaint invokes this Court's federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims under 29 U.S.C. § 1367. Plaintiff's Complaint raises five counts. Counts I and II allege that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Act, 820 ILCS § 105/4a *et seq.* ("IMWA"), by failing to pay Plaintiff overtime compensation for

hours worked in excess of forty (40) hours per week.  Count III alleges that Defendants Accu-Cut Diamond Tool and Accu-Cut Diamond Bore violated the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), by denying him the right to take FMLA leave for a serious health condition and constructively discharging him from his position with Accu-Cut Diamond Tool.  Count IV alleges the common law claim of intentional infliction of emotional distress against Defendant Domanski.  Count V alleges the common law claim of defamation under Illinois law against all Defendants.

2.  Plaintiff seeks relief in the form of back wages, liquidated damages, compensatory damages, punitive damages and attorneys' fees and costs for his various claims.

3.  Accu-Cut Diamond Bore and Domanski deny that they were Gibas's employer at any time for purposes of the FLSA, the IMWA or the FMLA.  Defendants deny that they are a covered employer under the FMLA.  Defendants deny that Gibas was entitled to payment of overtime wages under the FLSA or the IMWA.  Defendants deny that Gibas did not receive all requested time off to deal with his health condition.  Defendants deny that Gibas was constructively discharged.  Defendants deny Gibas's claims for Intentional Infliction of Emotional Distress and Defamation.  Defendants deny that Gibas is entitled to any relief whatsoever under any of his claims.

4.  Defendants filed their Answer and Affirmative and Additional Defenses on June 10, 2008.

5.  At this time, major issues are:  (a) whether any of the Defendants were covered employers under the FMLA; (b) whether Accu-Cut Diamond Bore or Domanski were Gibas's employers for purposes of the FMLA, the FLSA or the IMWA; (c) whether Gibas was exempt from payment of overtime wages under the FLSA and the IMWA; (d) assuming *arguendo* that

Gibas was entitled to payment of overtime wages, whether any overtime compensation was due and owing to Gibas by any of the Defendants; (e) assuming *arguendo* that Defendant(s) violated the FLSA or the IMWA by failing to make payments of overtime compensation to Gibas, whether such violations were willful; (f) assuming *arguendo* that one or more of the Defendants are covered employers under the FMLA, whether Gibas requested and/or received adequate time off to address his health condition; (g) whether the defamatory statements Gibas alleges were made by Defendant(s) were made and, if made, were true or statements of opinion; (h) whether Gibas's unclean hands or other misconduct bar Gibas's claims; (i) whether Gibas voluntarily resigned or was constructively discharged; and (j) whether Gibas suffered any injury or damages, including emotional distress, as a result of Defendant(s) alleged conduct.

    **B.**  **Parties' Joint Proposed Scheduling Order Pursuant To Rule 16(b)**

  1.  The Rule 26(f) Conference was held on August 28, 2008 by telephone. Jennifer L. Long and Howard L. Mocerf attended on behalf of Defendants and Joshua David Holleb attended on behalf of Plaintiff.

  2.  The parties agree to exchange initial Rule 26(a) disclosures by September 25, 2008. The parties have no proposals regarding any changes to the form or requirements for disclosures.

  3.  Discovery will be required on the following subjects: (a) coverage and liability issues relating to all claims; (b) injuries and damages claimed by Gibas.

  4.  The parties agree that fact discovery should be completed by April 15, 2009.

  5.  At this time, the parties do not have any specific proposals regarding the production of electronically stored information and/or the procedures by which to assert any claims of attorney-client privilege or attorney work product doctrine.

6. At this time, the parties do not have any specific proposals to make changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.

7. The parties also have agreed to and propose that the Court enter the following schedule:

| | |
|---|---|
| Any amendment to pleadings: | January 2, 2009 |
| Any joinder of parties: | January 2, 2009 |
| Dispositive Motions: | May 15, 2009 |
| Plaintiff's Draft Pre-Trial Order: | 30 days from decision on any dispositive motions |
| Defendants' Draft Pre-Trial Order: | 60 days from decision on any dispositive motions |

8. The parties agree that at this time no other orders should be entered by the Court under Rule 26(f) or Rule 16(b).

Dated: August 29, 2008

Respectfully submitted,

| For Plaintiff<br><br>CHESTER GIBAS | For Defendants<br><br>ACCU-CUT DIAMOND TOOL COMPANY, INC., ACCU-CUT DIAMOND BORE SIZING SYSTEMS, INC. AND STANLEY DOMANSKI, INDIVIDUALLY, |
|---|---|
| By:  /s/ Joshua David Holleb<br>      One of Their Attorneys | By:  /s/ Jennifer L. Long<br>      One of Their Attorneys |
| Joshua David Holleb<br>Davi Lynn Hirsch<br>Michael Adam Paull<br>Klein, Dub & Holleb, Limited<br>660 LaSalle Place<br>Highland Park, IL  60035<br>(847) 681-9100<br>(847)<br>Email:  jdh@labor-law.com | Howard L. Mocerf (A.R.D.C. No.: 01935798)<br>Frederick R. Ball (A.R.D.C. No.: 06236660)<br>Jennifer L. Long (A.R.D.C. No.: 6237572)<br>Duane Morris LLP<br>190 South LaSalle Street, Suite 3400<br>Chicago, Illinois 60603<br>(312) 499-6700<br>(312) 499-6701 (Fax)<br>Email:  jlong@duanemorris.com |

DM2\1551932.2

- 5 -

## CERTIFICATE OF SERVICE

      I, Jennifer L. Long, an attorney, hereby certify that on August 29, 2008, this Parties' Joint Rule 26(f) Report and Proposed Rule 16(b) Scheduling Order was electronically filed using the CM/ECF system which will send notification to the following CM/ECF participant attorney of record:

Joshua David Holleb
Davi Lynn Hirsch
Michael Adam Paull
Klein, Dub & Holleb, Limited
660 LaSalle Place
Highland Park, IL 60035

                               /s/ Jennifer L. Long
                               Jennifer L. Long